**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION**

**LOUIS LOWE,**

        **Petitioner,**

        **v.**

**STATE OF OHIO,**

        **Respondent.**

          **CASE NO. 2:12-CV-142
          JUDGE SARGUS
          MAGISTRATE JUDGE ABEL**

**ORDER and
<u>REPORT AND RECOMMENDATION</u>**

Petitioner, a state prisoner, has filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the instant petition, Respondent's *Motion to Dismiss*, Petitioner's *Reply*, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* (Doc. 6) be **GRANTED**.

Petitioner's request for an evidentiary hearing is **DENIED**.  Petitioner's *Motion to Amend* the Petition to indicate he is currently in the custody of Warden J.F. Caraway (Doc. 12) is **GRANTED.**

**FACTS and PROCEDURAL HISTORY**

Petitioner was indicted by the May 11, 2007, term of the Franklin County grand jury on one count of aggravated murder with specifications and one count of having a weapon while under disability.  *Exhibit 1 to Motion to Dismiss.*  On May 15, 2009, while represented by counsel, Petitioner pleaded guilty to the stipulated lesser offense of murder with a firearm specification. *Exhibit 3 to Motion to Dismiss*.  He was sentenced to fifteen years to life incarceration, such sentence to run consecutively to the federal sentence he was serving.  *Id.*  Petitioner did not file a direct appeal.  On November 30, 2009, he filed a motion for extension of time to file a petition for

post conviction relief. *Exhibit 4 to Motion to Dismiss*. On January 14, 2010, Petitioner filed a second motion for extension of time to file a petition for post conviction relief. *Exhibit 5 to Motion to Dismiss*. On March 9, 2010, Petitioner filed a petition for post conviction relief; however, on May 24, 2010, the trial court denied the post conviction petition as untimely. *Exhibit 8 to Motion to Dismiss*. On August 11, 2010, the trial court denied Petitioner's motion for reconsideration. *Exhibit 11 to Motion to Dismiss*. Petitioner filed a timely appeal. *Exhibit 12 to Motion to Dismiss*. On August 11, 2011, the appellate court affirmed the judgment of the trial court. *Exhibit 15 to Motion to Dismiss*. Petitioner did not file a timely appeal to the Ohio Supreme Court.

On February 16, 2012, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States in his amended habeas corpus petition as follows:

1. Petitioner's conviction and sentence are constitutionally invalid as the guilty plea on which they are based was not knowing or voluntary: Petitioner was induced to plead guilty based on erroneous advice of his attorney.

2. The ineffective assistance of trial counsel caused the loss of Petitioner's right to direct appeal.

3. Petitioner was denied the effective assistance of counsel guaranteed by U.S. Constitution when his attorney failed to present facts and argument in support of concurrent sentence.

4. The State court's interpretation and application of R.C. 2953.21's time limit to deny merits review of Petitioner's post conviction relief claims renders the statute fundamentally inadequate to vindicate the substantive rights provided, and offends due process principles.

It is the position of the Respondent that this action must be dismissed because Petitioner is not

currently "in custody" as required to obtain habeas corpus relief, and because this action is barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

**"IN CUSTODY" REQUIREMENT**

Respondent argues that this action must be dismissed because Petitioner has failed to establish he is currently in custody in Ohio or pursuant to the state court judgment he is currently seeking to challenge, but instead is currently serving a federal sentence. *Return of Writ*, at 7-8. This Court is not persuaded by this argument.

A federal habeas corpus petitioner must be "in custody" under the conviction or sentence under attack at the time he files his habeas corpus petition. *Maleng v. Cook*, 490 U.S. 488, 490–491, (1989)(citing *Carafas v. La Valle*, 391 U.S. 234, 238 (1968); 28 U.S.C. § 2254(a). A prisoner who has been released on parole on his unexpired sentence fulfills the "in custody" requirement for habeas corpus review; however, a petitioner whose sentence has completely expired prior to the filing of his habeas corpus petition does not. *Maleng v. Cook,* 488 U.S. at 492–493. "Similarly, a petitioner who, although in actual federal custody, has a state court detainer placed against him for a sentence to be served after release from federal prison is deemed to be 'in state custody' for the purposes of bringing a § 2254 petition." *Clemons v. Mendez,* 121 F.Supp.2d 1101, 1102–1103 (E.D. Mich. 2000)(citing *Maleng v. Cook)*.

It appears that Petitioner is currently serving a federal sentence, and the state sentence he challenges here will be served consecutively to this federal sentence.[1]  Therefore, this Court concludes Petitioner has satisfied the "in custody" requirement for seeking federal habeas corpus

---

[1] Petitioner has submitted a signed "Declaration" indicating he is presently serving a 120 month sentence at the Federal Correctional Institution in Cumberland, Maryland, and that his projected release date is October 15, 2013. *See Exhibit 1 to Petitioner's Reply*.

3

relief under 28 U.S.C.§ 2254(a).

## STATUTE OF LIMITATIONS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), which became effective on April 24, 1996, imposes a one-year statute of limitations on the filing of habeas corpus petitions.

28 U.S.C. § 2244(d) provides:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
>> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>>
>> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>>
>> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>>
>> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State postconviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

Petitioner challenges his May 15, 2009, convictions and sentence made pursuant to the terms of his

negotiated guilty plea. Because he did not file a timely appeal, his convictions became final on June 14, 2009, thirty days after his judgment of sentence, when the time period expired to file a timely appeal. *See Searcy v. Carter*, 246 F.3d 515, 518–19 (6th Cir. 2001); *Marcum v. Lazarof,* 301 F.3d 480, 481 (6th Cir. 2002); Ohio App.R. 4(A). The statute of limitations expired one year later, on June 14, 2010. Petitioner waited more than one year and seven months later, until February 8, 2012, to execute this habeas corpus petition. Petitioner's post conviction petition did not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), because the state courts dismissed the post conviction petition as untimely. *See Pace v. DiGuglielmo,* 544 U.S. 408, 414 (2005).

Petitioner argues that his November 30, 2009, request for an extension of time to file a post conviction petition constitutes a timely filed action and that equitable tolling of the statute of limitations is warranted because the state courts unreasonably dismissed his petition for post conviction relief as untimely and ignored five claims he presented in the November 2009, motion for extension of time as well as his alternative request for consideration of those claims on the merits. *See Petitioner's Reply*, at 6-7. Petitioner argues that he "substantially complied" with Ohio law regarding the time limits for filing a post conviction petition and reasonably concluded that his request for extension of time would be viewed as timely. Petitioner also argues that, under 28 U.S.C. § 2244(d)(1)(D), the statute of limitations did not begin to run until August 2009, when he was transferred to federal prison, because he could not earlier have discovered that his attorney failed to file an appeal. Petitioner contends that he acted diligently in pursuing relief and states that extraordinary circumstances beyond his control prevented him from timely filing. *Id.* at 12-13.

In support of this argument, Petitioner indicates he has been housed in federal prison since August 2009 and learned one month later about the process for pursuing post conviction relief. *See*

*Declaration of Louis N. Lowe, Exhibit 1 to Petitioner's Reply.*  He requested assistance from prison officials and others, but did not obtain a copy of the Ohio Revised Code or local rules until December 2009.  Petitioner asserts that his *pro se* status and lack of access to legal material and to the prison's law library constitute grounds for equitable tolling of the statute of limitations.  Between March 31, 2010, and April 9, 2010,  Petitioner indicates that "the entire inmate population of FCI Cumberland was placed on 24 hour lock down status."  *See id.* at 4.  He had limited access to a functional typewriter.  Petitioner has attached a copy of a document dated February 8, 2010, indicating he complained to prison staff that Ohio reference materials were unavailable in the prison's law library, and he was advised to contact the Clerk of Courts.  *Exhibits to Petitioner's Reply.*  He has also attached a document which appears to indicate he was unable to obtain copies of his court papers, and a complaint he filed on December 14, 2009, with prison officials indicating the prison mail room refused to give him legal material sent by his attorney.  He has attached copies of what appear to be email communications he sent to an unnamed person complaining about the performance of his defense attorney(s) and seeking, *inter alia*, information regarding Ohio law. *Exhibits to Petitioner's Reply.*

The state appellate court affirmed the trial court's dismissal of Petitioner's petition for post conviction relief as untimely in relevant part as follows:

> On June 21, 2007, appellant was indicted on one count of aggravated murder with a firearm specification and one count of having a weapon under disability.  On May 15, 2009, appellant entered a plea of guilty to murder with a firearm specification.  The weapon under disability offense was dismissed.  The parties jointly recommended a sentence of 15 years to life, consecutive to the three-year firearm specification.  The trial court imposed the jointly recommended sentence.  The judgment in this matter was journalized on that same date.  Appellant did not file a direct appeal from that judgment.

On November 30, 2009, appellant filed a motion for extension of time to file his petition for postconviction relief. Appellant asked the court to: consider his motion to be a timely placeholder petition; grant him an extension of time to amend his petition; and appoint counsel to assist him in filing his petition. The court of common pleas did not rule on appellant's motion. On January 14, 2010, appellant filed a second motion for extension of time to file a petition for postconviction relief. The trial court did not rule on the motion. On March 9, 2010, appellant filed an amended postconviction petition under R.C. 2953.21, setting forth ten grounds upon which appellant claimed he was entitled to relief. The state of Ohio filed a response, asking the court to dismiss the petition without a hearing. On May 24, 2010, the trial court dismissed the amended petition, finding it was untimely and without merit.

***

Postconviction petitions must. . . be timely. Under R.C. 2953.21(A)(2), petitions must be filed "no later than one hundred eighty days after the date on which the trial transcript is filed in the court of appeals in the direct appeal of the judgment of conviction[.]" Alternatively, "[i]f no appeal is taken, *** the petition shall be filed no later than one hundred eighty days after the expiration of the time for filing the appeal."

Because appellant did not file a direct appeal, his petition was due to be filed 210 days after the sentencing entry was journalized on May 15, 2009. Thus, appellant's petition was due on or before December 11, 2009. As a result, his March 9, 2010 petition is untimely. When a postconviction petition is untimely, the trial court lacks jurisdiction to consider it, unless the petitioner demonstrates that he can meet one of the exceptions set forth in R.C. 2953.23(A). . . .

***

Here, appellant has made no arguments nor presented any evidence to demonstrate that one of the exceptions found in R.C. 2953.23(A) [for consideration of an untimely post conviction petition] applies to his case. Furthermore, nothing within R.C. 2953.23 permits an extension of time to file a petition for postconviction relief. Regardless, the trial court never granted appellant's request and in fact never ruled upon appellant's motions for extension of time. Where a trial court fails to explicitly rule on a motion, we presume that the trial court overruled the motion. . . . More importantly, there

is no authority on point to support appellant's proposal that his motion for an extension of time should be considered a valid "placeholder" for a timely petition.

Because appellant's application was not timely filed, and because appellant has not met one of the exceptions which could overcome this jurisdictional bar, we find the trial court properly determined appellant's petition was untimely.

*Exhibit 15 to Motion to Dismiss.*  These factual findings of the state appellate court are presumed to be correct.  28 U.S.C. § 2254(d), (e).

Moreover, the record fails to support Petitioner's argument that the state appellate court unreasonably denied his post conviction petition as untimely in view of his alternative request for a ruling on the merits, or that his November 2009 request for an extension of time substantially complied with Ohio's requirements for filing a post conviction petition.  Petitioner entitled his November 2009 filing as a "motion for extension of time in which to file a petition pursuant to Revised Code § 2953.21, or for alternative relief which preserves his right to review." *Exhibit 4 to Return of Writ.*  He requested until January 12, 2010, to file a post conviction petition; asked that his motion serve as a "placeholder" for timely filing; and requested to be appointed counsel.  *Id.* Petitioner additionally set forth the following claims in his November 2009 filing:

    1.    The judgment in this case should be vacated on the ground that the guilty lea entered by Defendant is invalid.

    2.    The sentence in this case should be vacated on the ground that Defendant was deprived of a sentencing proceeding that was fundamentally fair.

    3.    The sentence should be vacated on the ground that defense counsel provided ineffective assistance by failing to investigate, discover and introduce facts in mitigation of punishment.

8

    4.       The judgment should be vacated and re-entered to permit Defendant to file a timely notice of appeal on ground that defense counsel failed to note an appeal though specifically requested to do so, and counsel failed to consult with Defendant regarding procedure for noting an appeal pro se, and the right of indigents to assistance of appointed counsel on direct appeal.

    5.       The judgment is void or voidable in that it was otherwise imposed in violation of Defendant's rights under the United States Constitution and the Constitution and laws of the State of Ohio.

*Id*. In a footnote, Petitioner indicated he would provide the facts and authority for his claims at a future date. In January 2010, Petitioner filed a second request for extension of time to file his petition for post conviction relief. *Exhibit 5 to Return of Writ*. In a footnote, Petitioner requested the trial court to construe his motion as a "placeholder" so that when he filed an amended post conviction petition, it would be considered timely. *See id.*

       The United States Court of Appeals for the Sixth Circuit has applied equitable tolling of the statute of limitations where a petitioner "reasonably relied on confusing rules and laws" *Johnson v. United States*, 457 Fed.Appx. 462, unpublished, 2012 WL 171379, at *8 (6th Cir. 2012), and similarly has declined to enforce a procedural default where the record reflects that the state court misapplied its own procedural rules. *See, e.g.*, *see also Keenan v. Bagley*, 400 F.3d 317, 421 (6th Cir. 2005)(remanded for evidentiary hearing to determine whether the petitioner reasonably relied on language in court order suggesting he had an extra six months to file post conviction petition such that equitable tolling of the statute of limitations was warranted); *White v. Curtis*, 42 Fed.Appx. 698, unpublished, 2002 WL 1752272 (6th Cir. 2002)(equitable tolling applied where action would have been timely if Michigan applied the federal "mailbox rule" or if prison officials had delivered the appeal one day earlier). Petitioner argues that he, too, is entitled to equitable tolling of the statute

of limitations under this same reasoning here.  This Court is not so persuaded.

Petitioner's filed two requests for extension of time to file a petition for post conviction relief.  The state appellate court did not act unreasonably in not addressing such motions as the filing of a petition for post conviction relief.  No provision in Ohio law provides for the filing of a "placeholder" post conviction petition or an extension of time for filing a post conviction action. To the contrary, O.R.C. § 2953.23, the provision concerning untimely and successive post conviction actions, requires that the time limitations for filing post conviction actions be strictly enforced and allows for successive or untimely post conviction actions only under narrowly proscribed circumstances.[2]  Further,  Petitioner provided no factual basis for any of the claims set

---

[2]  O.R.C. § 2953.23 provides in relevant part:

(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:

(1) Both of the following apply:

(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.

(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.

forth in his November 2009 request for an extension of time, aside from his allegation that he was denied effective assistance of counsel because his attorney failed to file a timely appeal.  Moreover, under 28 U.S.C. § 2244(d)(2), a post conviction petition will only toll the running of the statute of limitations where such action has been "properly filed," or "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing.  *Artuz v. Bennett*, 531 U.S. 4, 8 (2000).  *See also Allen v. Siebert*, 552 U.S. 3, 5 (2007)("a state post conviction petition rejected by the state courts as untimely is not 'properly filed' within the meaning of § 2244(d)(2)"(citing *Pace v. DiGuglielmo*, 544 U.S. at 414).

Petitioner asserts that equitable tolling of the statute of limitations is warranted.  "[P]etitioner bears the ... burden of persuading the court that he or she is entitled to equitable tolling."  *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002). Equitable tolling should be used sparingly.  *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham–Humphreys v. Memphis Brooks Museum of Art,*

---

(2) The petitioner was convicted of a felony, the petitioner is an offender for whom DNA testing was performed under sections 2953.71 to 2953.81 of the Revised Code or under former section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death.

As used in this division, "actual innocence" has the same meaning as in division (A)(1)(b) of section 2953.21 of the Revised Code, and "former section 2953.82 of the Revised Code" has the same meaning as in division (A)(1)(c) of section 2953.21 of the Revised Code.

*Inc.,* 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560–61. The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective pleading, or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96 (1990). Where the claimant failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt,* 337 F.3d 638, 642–43 (6th Cir. 2003). A habeas petitioner is entitled to equitable tolling of the statute of limitations only where has diligently pursued his rights and "some extraordinary circumstance" prevented him from timely filing. *Holland v. Florida*, – U.S. –, 130 S.Ct. 2549, 2562 (2010)(citation omitted).

A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials standing alone, is insufficient to justify equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 751 (6th Cir. 2011)(citation omitted). Further, nothing in the record reflects that Petitioner's inability to obtain a copy of his record or limited access to the prison's law library or legal material, or his placement in "lock down" status from March 31, 2010, to April 9, 2010, prevented him from pursuing relief during the entire time period at issue. *See id.* ("Standing alone. . . the unavailability of or delay in receiving transcripts is not enough to entitle a habeas petitioner to equitable tolling.")(citations omitted); *see also Ashman v. Berg*, No. 11-cv-11242, 2012 WL 3689897, at *3 (E.D. Mich. Feb. 2, 2012)(citing *Allen v. Yukins,* 366 F.3d 396, 403 (6th Cir. 2004)). These conditions are typical of most habeas corpus petitioners and do not constitute an extraordinary

12

circumstance beyond the Petitioner's control.  *Id.* (citing *Hall*, 662 F.3d at 752).[3]

Petitioner alternatively argues that his habeas corpus petition is timely under 28 U.S.C. § 2244(d)(1)(D), because he did not learn until August 2009, when he was transferred to the federal penitentiary in Cumberland, Maryland, of the procedure for filing an appeal.  Petitioner states that during that time, his attorney refused his calls and did not respond to his correspondence.  He complains that he was without meaningful access to the courts or legal research.  He states that he was under the impression that he needed to exhaust his remedies in the state courts prior to filing a federal habeas corpus petition, and attempted to file an appeal to the Ohio Supreme Court of the appellate court's August 2011, decision denying his petition for post conviction relief as untimely in September 2011.  Thereafter, before filing his federal habeas corpus petition, he filed a petition for a writ of certiorari in the United States Supreme Court.  *See Reply,* PageID # 217.

Again, Petitioner's arguments are not persuasive.   "[T]he time commences under § 2244(d)(1)(D) when the factual predicate for a habeas petitioner's claim could have been discovered through the exercise of due diligence, not when it was actually discovered by a given petitioner." *Webb v. Wolfenbarger,* No. 2:08–12692, 2009 WL 369482, at *3 (E.D.Mich. Feb.11, 2009) (citing *Redmond v. Jackson,* 295 F. Supp 2d 767, 771 (E.D.Mich. 2003). Additionally, the time period under § 2244(d)(1)(D) begins to run when a habeas petitioner knows, or through due diligence, could have discovered, the important facts for his claims, not when the petitioner recognizes the facts' legal significance. *Id.* Upon review of the record, this Court is not persuaded that Petitioner was unable to discover, through exercise of due diligence, the factual predicate for his claim.

---

[3] Petitioner indicates that, in December 2009, he obtained a copy of the 2008 edition of the Ohio Revised Code and Court Rules. *Petition,* PageID #233.

13

Petitioner does not indicate the precise date on which learned his attorney had not filed an appeal on his behalf.  Further, he would not have been reasonable in failing to be on notice of the one-year time limitations for filing a federal habeas corpus petition, which has been in effect since 1996. Petitioner indicates that he learned on November 22, 2011, that the United States Supreme Court had rejected his petition for a writ of certiorari.  *See Reply*, PageID #217.  Nonetheless, he waited until February 8, 2012, before seeking habeas corpus relief.  The record is simply without support for his allegation that he was unable earlier to file this habeas corpus petition.

**WHEREUPON**, the Magistrate Judge **RECOMMENDS** that Respondent's *Motion to Dismiss* this action as time-barred (Doc. 6) be **GRANTED,** and that this action be **DISMISSED**. Petitioner's request for an evidentiary hearing is **DENIED**.  Petitioner's *Motion to Amend* the Petition to indicate he is currently in the custody of Warden J.F. Caraway (Doc. 12) is **GRANTED.**

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions.  28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation*

*de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

s/Mark R. Abel           

United States Magistrate Judge
