IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | | |
|---|---|---|---|
| Louis Lowe, | | : | |
| | Petitioner | : | Civil Action 2:12-cv-00142 |
| v. | | : | Judge Sargus |
| State of Ohio, | | : | Magistrate Judge Abel |
| | Respondent | : | |

# ORDER

Petitioner Louis Lowe, a State prisoner, brings this action under 28 U.S.C. §2254 alleging that he is in custody in violation of the Constitution of the United States. This matter is before the Court on Magistrate Judge Abel's March 12, 2013 Report and Recommendation that the petition for writ of habeas corpus under 28 U.S.C. §2254 be dismissed because it is barred by the one-year statute of limitations for filing habeas corpus actions.

The petitioner has not filed objections within the allotted time.

<u>Procedural history</u>. Petitioner was indicted by the Franklin County, Ohio grand jury for one count of aggravated murder with a firearms specification and one count of having a weapon while under disability. On May 15, 2009, petitioner Louis Lowe pleaded guilty to murder with a firearm specification. In accordance with the agreement of the parties in the plea agreement between Lowe and the State, he was sentenced to the agreed term of 15 years to life in prison, with a three year consecutive

sentence for the firearm specification. He did not appeal the sentence.

After filing motions to extend his time to file a postconviction petition on November 30, 2009 and January 14, 2010, Lowe filed a postconviction petition on March 9, 2010. The trial court dismissed the petition as untimely. He appealed, and on August 11, 2011 the Ohio Court of Appeals affirmed the trial court's decision. Lowe did not appeal that decision to the Supreme Court of Ohio.

In his federal habeas corpus petition, Lowe argues that his conviction and sentence are unconstitutional because he was denied the effective assistance of counsel when his attorney failed to keep his promise to "appeal the sentence imposed on me pursuant to the plea agreement." The petition also alleges that trial counsel was ineffective because he failed to present facts and argument supporting his request that the Ohio sentence run concurrent to his unserved sentence on federal charges.[1] Finally, he argues that the Ohio courts' interpretation of Ohio Revised Code § 2953.21's time limit for filing a postconviction petition renders the statute fundamentally inadequate to vindicate constitutional rights.

Plaintiff's objections are without merit. Because Lowe did not file a timely appeal, his convictions became final on June 14, 2009, thirty days after his judgment of

---

[1] The fact that Lowe was then serving an unrelated federal sentence at FCI Morgantown was mentioned during the proceeding, but no argument was made for a concurrent sentence. Petitioner was given an opportunity to speak before sentence was imposed. He did not request that his Ohio sentence be served concurrently with the preexisting federal sentence he was then serving. May 15, 2009 Guilty Plea and Sentencing Proceeding, p. 8, Doc. 6-1, PageID 121.

2

sentence, when the time period expired to file a timely appeal. *See Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); *Marcum v. Lazarof*, 301 F.3d 480, 481 (6th Cir. 2002); Ohio App. R. 4(A). The statute of limitations expired one year later, on June 14, 2010. Petitioner waited more than one year and seven months later, until February 8, 2012, to execute this habeas corpus petition. Petitioner's post conviction petition did not toll the running of the statute of limitations under 28 U.S.C. § 2244(d)(2), because the state courts dismissed the post conviction petition as untimely. *See Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005).

As the Magistrate Judge stated, the Ohio Court of Appeals's finding that Lowe's postconviction petition was untimely is binding on this Court. Consequently, Lowe's Ohio postconviction petition does not toll the running of the federal habeas corpus statute of limitations. Under 28 U.S.C. § 2244(d)(2), a post conviction petition will only toll the running of the statute of limitations where such action has been "properly filed," or "when its delivery and acceptance are in compliance with the applicable laws and rules governing filings," such as those prescribing the time limits for filing. *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). *See also Allen v. Siebert*, 552 U.S. 3, 5 (2007)("a state post conviction petition rejected by the state courts as untimely is not 'properly filed' within the meaning of § 2244(d)(2)"(citing *Pace v. DiGuglielmo*, 544 U.S. at 414).

Petitioner argues that he should be entitled to equitable tolling because the statute is difficult for a layman to understand and he has diligently sought relief from his conviction and sentence. The Ohio Court of Appeals for the Tenth Appellate District

3

found that petitioner had failed to offer any evidence that would permit a delayed petition under Ohio Revised Code § 2953.23(A). *State of Ohio v. Louis N. Lowe*, No. 10AP-584, 2011-Ohio-3996 (August 11, 2011) at pp. 4-5, Doc. 2-3, PageID 31-32.

Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560 (6th Cir. 2000) (citations omitted). "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560–61. A habeas petitioner is entitled to equitable tolling of the statute of limitations only where has diligently pursued his rights and "some extraordinary circumstance" prevented him from timely filing. *Holland v. Florida*, – U.S. –, 130 S.Ct. 2549, 2562 (2010)(citation omitted).

A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and limited access to the prison's law library or to legal materials standing alone, is insufficient to justify equitable tolling of the statute of limitations. *Hall v. Warden, Lebanon Correctional Inst.*, 662 F.3d 745, 751 (6th Cir. 2011)(citation omitted). Petitioner has failed to demonstrate that he is entitled to equitable tolling.

Upon *de novo* review as required by 28 U.S.C. §636(b)(1)(B), the Court ADOPTS the Report and Recommendation.

The petition for writ of habeas corpus is DENIED. This action is hereby DISMISSED. The Clerk of Court is DIRECTED to enter JUDGMENT for respondent.

3-29-2013
DATE

EDMUND A. SARGUS, JR.
UNITED STATES DISTRICT JUDGE