IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LOUIS LOWE,

        Petitioner,

CASE NO. 2:12-CV-142
JUDGE EDMUND A. SARGUS, JR.
MAGISTRATE JUDGE ABEL

v.

STATE OF OHIO,

        Respondent.

## OPINION AND ORDER

On March 29, 2013, final judgment was entered dismissing the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). Thereafter, Petitioner filed an *Objection* and *Motion for Enlargement of Time to File Objections,* which this Court granted. Petitioner thereafter filed *Amended Objections* to the *Report and Recommendation. See* Doc. Nos. 19, 21, 23 to *Motion to Dismiss.* The March 29, 2013, final judgment of conviction hereby is **VACATED**. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's *Objections and Amended Objections,* Doc. Nos. 19, 21, 23 are **OVERRULED**. The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). The Clerk shall enter final entry of judgment of dismissal.

Petitioner objects to the Magistrate Judge's recommendation of this case as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). He again raises all of the arguments he previously raised. He argues that the Court erred by applying the presumption correctness under 28 U.S.C. 2254(e)(1) to the factual findings of the state appellate court. ("In a proceeding

1

instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct. The applicant shall have the burden of rebutting the presumption of correctness by clear and convincing evidence"); *see also West v. Seabold,* 73 F.3d 81, 84 (6th Cir.1996) ("The court gives complete deference to state court findings of historical fact unless they are clearly erroneous"). Petitioner argues at length that the decision of the state appellate court was incorrect in concluding that he filed an untimely petition for post conviction relief. He again asserts that equitable tolling of the statute of limitations is warranted in view of his limited access to Ohio law while incarcerated and *pro se* incarcerated status. He also asserts that equitable tolling of the statute of limitations is warranted under the United States Supreme Court's decision in *Martinez v. Ryan*, -- U.S. --, 132 S.Ct. 1309 (2012)("Inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial.") Petitioner also again contends that this action should be considered to be timely under 28 U.S.C. § 2244(d)(1)(D)[1], because he was unable to discover, through exercise of due diligence, the factual predicate for his claim of ineffective assistance of counsel based on his attorney's failure to file a notice of appeal and failed adequately to consult with him regarding the appeal. Petitioner requests an evidentiary hearing on these issues.

This Court finds none of Petitioner's arguments is well taken. Petitioner signed an *Entry of Guilty Plea* on May 15, 2009, indicating that he was completely satisfied with the advice and representation of his attorney and that he understood he could file an appeal as a matter of right within thirty days of his judgment of conviction. *Exhibit 3 to Motion to Dismiss.*

---

[1] 28 U.S.C. §2244(d)(1)(D) provides that the statute of limitations begins to run on the date on which the factual predicate of the claim or claims presented coulse have been discovered through the exercise of due diligence.

He never filed a motion for delayed appeal in the state appellate court. More importantly, the record fails to support his contention that he diligently pursued his claims. He waited until March 9, 2010, approximately ten months imposition of sentence, to file a petition for post conviction relief. He failed to file a timely appeal to the Ohio Supreme Court from the trial court's August 11, 2010, denial of his motion for reconsideration of the trial court's decision denying his post conviction action s untimely. Additionally, he waited three more months after he learned that the United States Supreme Court had rejected his petition for a writ of *certiorari* to file this habeas corpus petition.

The *Martinez* case, referred to by Petitioner, does not provide him relief. In *Martinez* the Supreme Court issued a narrow holding concluding that the ineffective assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. Such are not the circumstances here.

The March 29, 2013, final judgment of conviction hereby is **VACATED**. Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. Petitioner's *Objections and Amended Objections,* Doc. Nos. 19, 21, 23 are **OVERRULED.** The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). The Clerk shall enter final entry of judgment of dismissal.

**IT IS SO ORDERED.**

2-24-2014
EDMUND A. SARGUS, JR.
United States District Judge